That this notice is wholly insufficient as a compliance with the provisions of the statute seems beyond discussion, notwithstanding the probability that the defendant dock company had other means of acquiring all necessary information. The giving of the notice required by the statute is a condition precedent to bringing an action within its terms. Finnigan v. New York Contracting Co., 194 N. Y. 244, 87 N. E. 424, 21 L. R. A. (N. S.) 233.

The judgment dismissing the complaint as against the defendant the New York Dock Company, and the order denying a new trial, should be affirmed on reargument, with costs. All concur.

---

(136 App. Div. 866.)

## WANIER v. TRUSCOTT BOAT MFG. CO.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

TROVER AND CONVERSION (§ 11*)—RIGHT OF ACTION.

> Where plaintiff agreed to purchase a launch from defendant's agent, who agreed to sell plaintiff's motor boat for a certain sum and apply it on the price of the launch, and such agent afterwards sold plaintiff's boat, and that purchased by him was not delivered as agreed, plaintiff could not maintain an action for the conversion of his boat, its sale being the very thing contemplated by the agreement, though an action for money had and received, or, after demand, for conversion of the money, might lie.

> [Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 86; Dec. Dig. § 11.*]

> Hirschberg, P. J., dissenting.

Appeal from Municipal Court of New York.

Action by Albert G. Wanier against the Truscott Boat Manufacturing Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and JENKS, THOMAS, BURR, and CARR, JJ.

William L. Marshall, for appellant.

William Warren Bryan (Leonard J. Obermeyer, on the brief), for respondent.

BURR, J. On July 10, 1904, plaintiff entered into a contract with a concern doing business at Staten Island under the name of White Craft & Power Company, to deliver to him a gasoline launch known as a "Truscott motor boat." Delivery was to be made on or about July 31, 1904. The agreed price was $345. At about the same time plaintiff delivered to Mr. Ogden, the manager of said company, a motor boat belonging to him, known as a "Bloomstrom boat." No tender of delivery of the Truscott boat was made until toward the close of the boating season and about September 9, 1904. Plaintiff refused to accept the boat at that time, and no claim is made that he was bound to do so. Thereafter plaintiff made a demand upon defendant to return to him his Bloomstrom boat. This demand was not complied

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

with, and thereupon this action was begun to recover from defendant the sum of $150 damages for conversion of the boat.

It is unnecessary for us to decide whether White Craft & Power Company were the agents of defendant, so that it was bound by the agreement made with Ogden. If such agency be conceded, and the scope thereof, this action cannot be maintained. Plaintiff's evidence is contradictory. At one time he claimed that Ogden agreed to take his boat for $150 in part payment of the Truscott boat, and at another time that he agreed to sell it on plaintiff's account for not less than that sum. There is no evidence that plaintiff's Bloomstrom boat ever came into the actual possession of defendant. There is a suggestion, in a letter put in evidence by plaintiff, that it had been sold by the White Craft & Power Company. That is the only evidence as to what became of it after it was sent to the yard of said company. If the White Craft & Power Company sold plaintiff's boat, as it appears that it did, this does not constitute conversion; for that was the very thing which plaintiff requested it to do. If the proceeds of the sale came into the hands of defendant, or even of its duly authorized agent, as the contract for the sale of the Truscott boat fell through, an action for money had and received on account of the purchase price might lie, or, perhaps, after proper demand, an action for the conversion of such moneys. This is not such an action. It is an action for the conversion of the boat alone.

The judgment of the Municipal Court, appealed from, must be reversed, and a new trial ordered; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.